IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACKIE TAYLOR, et al.,<br><br>                        Plaintiffs,<br>v.<br><br>STATE OF CALIFORNIA GOVERNOR<br>EDMOND [SIC] G. BROWN, et al.,<br><br>                        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-cv-663-DAK<br><br>Judge Dale A. Kimball |

      This action was filed on September 11, 2014, by Plaintiff Jackie Taylor, *pro se*. There is no document actually entitled a Complaint. However, the first of several documents which were collectively entered into the docket as her "Complaint" is entitled "#1. Application/Petition for Injunctive Relief; Motions and Orders for #2. Permanent Injunction Immediate Relief with Supportive Facts; #3. Constitutional and Statutory Violation #4. Affidavit Testimony by Jackie Taylor of the A. Fraudulent "Equitable Defenses for the Defense; B. Immediate and Irreparable Injury; C. Loss and Damage; Which Will Result Before the Adverse Party Can Be Hear in Opposition; D. Substantive Showings; (1.) A Substant_likelihood of success on the merits; (2) The threatened injury outweighs any Damage that the Injunction may cause the opposing party; and (3) that the Injunction will not disserve the 'public interest." Plaintiff's Complaint lists the Defendants as: California Governor Edmund G. Brown, County of Riverside Board of Supervisors Chair Jon Benoit, California Department of Mental Health Director Jerry Wengerd and Assistant Director Steve Steinberg, California Adult and Aging Services Director Michele Wilham, California Department of Public Social Services Director Susan Lowe; The Family Hospice Karen Doe Cummings, The South Pasadena Convalescent Hospital Director Dan

Darayuna, Emalda Doe Head Nurse, and all S.P.C.H. employees, staff, receptionists, records, social workers, nurses, head nurses, supervising nurses, nurses aids, Darlene Green, Doctor Samuelson and all of the S.P.C.H. Doctors, and anyone who has worked for S.P.C.H. ever or under any other name before.

## BACKGROUND

On the court's Civil Cover Sheet filed in connection with the documents that comprise the "Complaint," Jackie Taylor lists her residence as Salt Lake City, Utah. Taylor also states that she has power of attorney for her husband, another listed Plaintiff, Conrad Rosemont. However, there is no legal support or documentation for that assertion. The several documents that comprise the Complaint vaguely identify some residences of the parties to this case. The Complaint appears to allege that Conrad Rosemont's current residence is Yucca Valley, California. With respect to the named Defendants, the Complaint alleges that they work in California, but there are no specific allegations of their residences.

Taylor's Complaint is difficult to understand. It is not styled in a typical pleading format and does not identify any specific cause of action or the facts supporting those causes of action. Taylor provides several factual scenarios that make it difficult to determine whether something is currently happening or happened in the past. However, Taylor's factual assertions appear to be centered around whether her husband is receiving proper health care services in California. It is unclear, but her husband is either currently confined to a facility in California or has been released and needs adequate care or supervision at home. All of the Defendant's actions are alleged to be in connection with Conrad Rosemont's health care needs in Yucca Valley, California.

**ANALYSIS**

At the outset, the Court notes Plaintiff is proceeding *pro se* in this case. Accordingly, the Court will construe her pleadings and other submissions liberally.[1] At the same time however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[2] Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Therefore, this court has a responsibility to review the adequacy of the filings under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The allegations in the Complaint raise the threshold question of whether this Court has jurisdiction over Plaintiff's claims. "Federal Courts are courts of limited jurisdiction."[3] Thus, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter) jurisdiction and the parties (personal jurisdiction)."[4]

Plaintiff refers to this case as a "sister state filing," which is not a type of case recognized by law or a type of case that would confer jurisdiction on this court. In connection with her references to a "sister state filing" and "multi-district litigation," Plaintiff appears to be alleging that California courts have made rulings that she does not agree with (although no rulings are specifically mentioned) and she does not believe that California courts can recognize or correct their own errors. However, jurisdiction does not lie in a court because a plaintiff does not like the rulings from or results in another court.

Plaintiff references 42 U.S.C. § 1985, which would involve a conspiracy to deprive her of her civil rights. Plaintiff, however, does not allege any facts that would support such a claim.

---

[1] See e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003)(citing Haines v. Kerner, 404 U.S. 519, 520-21, (1972).
[2] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).
[3] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)(internal citations omitted).
[4] Sinochem Int'l Co, Ltd. v. Malaysis Int'l Shipping Corp., 549 U.S. 422, 430-431 (2007)(internal citations omitted).

Plaintiff's Complaint presents a very convoluted set of facts, does not allege any specific claims against any individual Defendant, and the stated facts do not demonstrate any kind of conspiracy. Moreover, there is no right identified that Defendants have allegedly been infringed.  Therefore, the face of the Complaint does not support a finding that this Court has subject matter jurisdiction based on the allegation of a federal question.

In addition, as to priority of jurisdictional issues, "there is no mandatory 'sequencing of jurisdictional issues'" and "[i]n appropriate circumstances…a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction."[5]  Even if the court had subject matter jurisdiction in this case because of an alleged § 1985 conspiracy claim, there are no facts alleged in the Complaint that would demonstrate personal jurisdiction over any of the Defendants.  None of the Defendants are alleged to be residents of the State of Utah.  In addition, there are no allegations in the Complaint that any Defendant took any action in the State of Utah.  All of the actions alleged in the Complaint refer to conduct in California.

Plaintiff carries the burden of establishing personal jurisdiction over a defendant.[6]  In the preliminary stages of litigation, the plaintiff's burden is only to establish a prima facie case that jurisdiction exists.[7]  "Where…there has been no evidentiary hearing . . . the plaintiff need only make a prima facie showing that jurisdiction exists."[8]  All factual disputes are resolved in favor of the plaintiff when determining the sufficiency of this showing.[9]

"Specific personal jurisdiction exists when a non-resident defendant purposefully establishes sufficient minimum contacts with the forum state, the cause of action arises out of

---

[5] Id. (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)).
[6] OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998); Kuenzle v. HTM SportUnd Freizeitgerate AG, 102 F.3d 453, 456 (10th Cir. 1996).
[7] Electronic Realty Assocs. v. Vaughan Real Estate, Inc., 897 F.Supp. 521, 522 (D. Kan. 1995).
[8] Id., see also Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1995).
[9] Wenz v. Memory Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

these contacts, and jurisdiction is constitutionally reasonable."[10] Further, the Utah Supreme Court has stated that "specific jurisdiction gives a court power over a defendant only with respect to claims arising out of particular activities of the defendant in the forum state. For such jurisdiction to exist, the defendant must have certain minimum local contacts"[11] The evaluation of specific jurisdiction requires a three-part inquiry: (1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a nexus must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) the application of the Utah long-arm statute must satisfy the requirements of federal due process.

The Utah legislature had declared that the long-arm statue be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution." Thus, it is if due process is satisfied, Utah's long arm statute will also be satisfied.[12] In order to determine whether due process is satisfied there is a two prong test.

Under due process standards, a court may exercise personal jurisdiction over a nonresident defendant so long as there are "minimum contacts" between the defendant and the forum state.[13] In order find this courts must look to (1) purposeful availment to the forum state by defendant and (2) the extent in which Plaintiff's claims arise out of Defendant's contact.

The "minimum" contacts necessary for specific jurisdiction are established 'if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation

---

[10] See iAccess, Inc. v. WEBcard Technologies, Inc. 182 F.Suppo.2d 1183, 1186 (D. Utah 2002)(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-477 (1985).
[11] Arguello v. Industrial Woodworking Mach. Co., 838 P.2d 1120, 1122 (Utah 1992).
[12] SII MegaDiamond, Inc. v. American Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998)(the Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long arm statute.")
[13] World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)(citations omitted).

results from alleged injuries that 'arise out of or relate to' those activities."[14] Further, "[t]he pertinent inquiry in personal jurisdiction analysis is whether Defendant, by its own actions, has purposefully availed itself of the privilege of conducting business in this jurisdiction so that it should reasonabl[y] anticipate being haled into this forum."[15] Under the first prong of due process, the court should "examine the quantity and quality of [defendant's] contacts with Utah."[16]

Even if a nonresident defendant's actions created sufficient minimum contacts with the forum state, a court may not exercise personal jurisdiction over defendant if to do so would offend traditional notions of fair play and substantial justice, i.e. if exercise would be unreasonable in light of circumstances surrounding case.[17] In determining whether exercise of personal jurisdiction over nonresident defendant is so unreasonable as to violate fair play and substantial justice, a Court considers: (1) the burden on the defendant; (2) forum state's interest in resolving dispute; (3) plaintiff's interest in receiving convenient and effective relief; (4) interstate judicial system's interest in obtaining most efficient resolution controversies; and (5) shared interest of several states in furthering fundamental substantive social policies.[18]

Here, the only allegations are that Defendants work in California. There is no allegation that Defendants have any contact with Utah. None of the Defendants have, through the actions alleged in the Complaint, "purposely availed themselves" or directed their activities to the State of Utah. To the contrary, all of the factual allegations in the Complaint refer to actions taken

---

[14] OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)); see also Rainy Day, at 1162 ("[i]n order to exercise specific jurisdiction, there must be 'some act by which the defendant purposefully availed itself of the privilege of conducting business in the forum state, thus invoking the benefits and protections of its laws.")(citing Hanson v. Denckla, 357 U.S. 235, 253 (1958).
[15] Rainy Day Books, at 1165.
[16] Id., Arguello v. Industrial Woodworking Mach. Co., 838 P.3d 1120, 1122 (Utah 1992).
[17] Rainy Day Books, Inc. v. Rainy Day Books & Café, LLC, 186 F.Supp.2d 1158, 1161-1162 (D. Kansas 2002). .
[18] Id.

only in California.  Therefore, Defendants do not have sufficient "minimum contacts" in the State of Utah in order to be subject to personal jurisdiction here.

In addition, it would be contrary to the notions of fair play and substantial justice if the Court were to find that it had personal jurisdiction over these Defendants based upon the allegations in Taylor's Complaint.  Taylor resides in Utah, but no act relevant to her complaints took place in Utah.  Therefore, it would be fundamentally unfair and place a major burden on the Defendants if they had to litigate this case (assuming it has merit) in this Court.  Moreover, because the material events in this case took place elsewhere, Utah does not have an interest in resolving this suit.  Although Taylor wants to have the case litigated here as a sister state filing, her choice of forum does not outweigh due process concerns.  Therefore, this Court does not have personal jurisdiction over the named Defendants.  Any action against these Defendants for the actions alleged in the Complaint needs to be brought in California.

## **CONCLUSION**

For the reasons stated above, the Court dismisses the Complaint in this matter for lack of jurisdiction.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

DATED this 17th day of September, 2014.

BY THE COURT:

_Dale A. Kimball_
Dale A. Kimball
United States District Judge