IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACKIE TAYLOR, et al.,<br><br>                  Plaintiffs,<br>v.<br><br>STATE OF CALIFORNIA GOVERNOR<br>EDMOND [SIC] G. BROWN, et al.,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-cv-663-DAK<br><br>Judge Dale A. Kimball |

       On September 17, 2014, this court issued a Memorandum Decision and Order dismissing Plaintiffs' Complaint for lack of jurisdiction. On September 18, 2014, Plaintiff Jackie Taylor filed an "answer" to the Court's Memorandum Decision and Order, which the court will consider a motion for the court to reconsider its ruling. Plaintiff Jackie Taylor also filed a Motion for a new judge or for the "current judge to make himself clear and explain what is meant." The court will attempt to respond to these filings as simply and clearly as possible.

       As an initial matter, the court must explain that Jackie Taylor can only proceed pro se on her own behalf. She cannot represent Conrad Taylor or Conrad Rosemont because she is not an attorney. Jackie Taylor can only represent herself and bring her own claims. The court can only recognize the case as a pro se complaint by Jackie Taylor because she is the only Plaintiff who has filed this action.

       Next, there are no grounds for a new judge. The current judge has no bias against any of the named Plaintiffs. The current judge is only doing his job. The current judge read through all of the filings and applied the law to those filings to the best of his ability. The current judge understands that Plaintiff is pro se and is trying to explain her case as well as she can. The court

tried to understand and make sense of everything that was in Plaintiffs filings. The current judge also applied the law to Plaintiff's complaint as quickly as possible in an effort to help Plaintiff because she wants immediate relief and believes that a quick decision is important. None of the actions taken by this judge are any different than any other judge would have done under the same circumstances. Therefore, the court denies Plaintiff's request to have a new judge.

Plaintiff continues to refer to a "sister state filing." There is no such thing recognized in the law. This court cannot hear any case it wants to hear or any case a plaintiff wants it to hear. There are rules that apply to what cases this court can hear. The ability to hear a case is referred to as "jurisdiction." The court tried to explain these rules in its last Memorandum Decision and Order.

The current judge believes that the best thing that he can do for Plaintiff is to explain to her where she must file the current lawsuit. The current lawsuit is not properly filed in Utah. It needs to be filed in California. This court tried to explain the law to Plaintiff and how it applies to her case. If Plaintiff files the lawsuit in the right court, then the right court may be able to help her. But if Plaintiff continues to try to get help from the wrong court, she will continue to be told that she is asking for help from the wrong court and the wrong court cannot provide her with any help.

The only claim that Plaintiff appears to try to make in her Complaint is a civil rights conspiracy claim. This is a claim under a federal statute so it could provide a basis for this court to hear the claim. However, when the court reviews all the materials filed by Plaintiff, the court cannot find a right that is being violated or actions by the defendants that show they are conspiring together to deprive Plaintiff of that right. There is not a general right to have others make decisions that you agree with. A right, in the legal sense, is defined by the constitution or

state law.  Plaintiff must show that she has such a right.  She must also show what actions the defendants have taken to deprive her of that right.   Plaintiff must do this for every named defendant.  For example, Plaintiff's first named Defendant is the Governor of California.  To state a claim against the Governor, Plaintiff needs to say what actions he took as part of the conspiracy to deprive her of a specifically identified right.  Without making that showing, there is no basis for a Complaint against Defendant.

In addition, because Plaintiff is proceeding without paying to file her Complaint (which is referred to as "in forma pauperis"), the court has the responsibility to review Plaintiff's Complaint to determine whether it is sufficient.  If Plaintiff has not made a sufficient showing in her Complaint, the court does not serve the Complaint on Defendants or require them to respond.

Even if Plaintiff could identify what right the defendants are violating, this court can only consider the case if the Defendants are subject to answering the complaint in the State of Utah.  This court is a federal court, but it cannot make a defendant that has no ties to Utah come to Utah to defend a case.  The issue deciding whether or not a defendant has to come to Utah to defend a lawsuit is called personal jurisdiction.  If the defendant has not taken any actions in the State of Utah, this court does not have the power or ability to make that defendant come to Utah to defend the case.  In this case, the court looked at all of Plaintiff's allegations in all of her filings.  The court could not find any allegation that said that the defendants had done anything in Utah.  The case cannot proceed in Utah only because Plaintiff does not like what defendants are doing in California.  When defendants are only acting in California, then the complaint against them must be filed in California.

Another problem that appears in Plaintiff's filings is that she appears to be asking this court to change or comment upon decisions made by state courts in California.  A federal district

court cannot tell a state court how to rule. If Plaintiff has a problem with a ruling issued by a state court, she must ask that court to reconsider its ruling or appeal the ruling to a higher state court. You cannot appeal a state court ruling to a federal district court or ask a federal court to decide whether the state court decision was correct.

For these reasons, the court does not have the ability to hear Plaintiff's Complaint. Although the court could allow Plaintiff to try to amend her Complaint to better explain her civil rights conspiracy claim, there would still be the problem that everything she is complaining about is happening in California and that she is possibly seeking to reverse California state court decisions. Therefore, the court believes that it would be futile to amend the Complaint in a Utah court if this court will continue to lack the power or ability to hear the case. The court's dismissal of Plaintiff's Complaint still allows her to try to better explain her claim and file it in a proper court in California. Plaintiff continues to state that she wants immediate relief, and bringing her Complaint in the right court is the fastest way to get help from the court. However, if Plaintiff disagrees with this court and continues to believe that her Complaint should be heard by a federal judge in Utah, she should now file an appeal in the Tenth Circuit Court of Appeals and have this court's decisions reviewed.

For the reasons stated above, Plaintiff's motion for a new judge is denied, Plaintiff's response to the court's prior Memorandum Decision and Order—which this court is considering as a motion to reconsider—is denied. Plaintiff's other motions that were filed after the case was dismissed, including her Motion to Consolidate All State and County Government Defendants' Receipt of Documents, Emergency Motion for Temporary Restraining Order, and Motion for a Discovery Hearing, are moot.

DATED this 22nd day of September, 2014.

                      BY THE COURT:

                      _____
                      Dale A. Kimball
                      United States District Judge